UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| S. WILLIAM IVES,<br><br>    Plaintiff,<br><br>v.<br><br>ACCENTURE,<br><br>    Defendant. | Civil Action No. 04-CV-10166-RCL |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rules 7, 8 and 12 of the Federal Rules of Civil Procedure and the Court's Order in the above-captioned action, the Defendant, Accenture LLP[1] ("Accenture," "Defendant" or the "Company"), hereby answers Plaintiff S. William Ives' ("Plaintiff's" or "Ives'") Complaint.

#### Nature of Action

1. Paragraph 1 of Plaintiff's Complaint purports to state a summary of his claims in this action, to which no responsive pleading is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

#### Parties

2. Upon information and belief, Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant states that it is an Illinois limited liability partnership and maintains a corporate headquarters in Illinois. Defendant admits that it maintains a regular place of

---

[1] Accenture LLP is the correct corporate entity.

business in Boston, Massachusetts.  Defendant denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

## Facts

4. Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Upon information and belief, Defendant admits that Plaintiff's date of birth is April 21, 1946.  Defendant denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits that Plaintiff's job performance appraisals during his employment with Accenture have contained both positive and constructive feedback.

9. Defendant admits that Plaintiff has worked in Accenture's Human Performance Global Service Line since approximately early 2000, focusing on knowledge management, and that he reported to various Partners at that time, including Rick Stuckey.

10. Defendant admits that Plaintiff was ably performing his job by Spring 2000.

11. Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant admits that two individuals were made Partner in 2001 from Plaintiff's group, and they were younger than Plaintiff.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant admits that Plaintiff filed an age discrimination Charge with the MCAD on or about March 27, 2003. Defendant denies the remaining allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

**Count I: Chapter 151B**

35. Paragraph 35 of Plaintiff's Complaint is a statement of incorporation and does not require a response from Defendant.

36. Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

### Count II: ADEA

41. Paragraph 41 of Plaintiff's Complaint is a statement of incorporation and does not require a response from Defendant.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

### Count III: Hostile Environment Discrimination - Chapter 151B

47. Paragraph 47 of Plaintiff's Complaint is a statement of incorporation and does not require a response from Defendant.

48. Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

### Count IV: Hostile Environment Discrimination - ADEA

50. Paragraph 50 of Plaintiff's Complaint is a statement of incorporation and does not require a response from Defendant.

51. Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

## Count V: Equitable Estoppel

53. Paragraph 53 of Plaintiff's Complaint is a statement of incorporation and does not require a response from Defendant.

54. Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

## Count VI: Retaliation

57. Paragraph 57 of Plaintiff's Complaint is a statement of incorporation and does not require a response from Defendant.

58. Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

## Count VII: Breach of Contract (Express and Implied)

60. Paragraph 60 of Plaintiff's Complaint is a statement of incorporation and does not require a response from Defendant.

61. Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. Defendant denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

With respect to each Count of Plaintiff's Complaint, Plaintiff has failed to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred to the extent that he fails to set forth a prima facie case of age discrimination, age-based harassment in the form of a hostile environment, unlawful retaliation and/or breach of contract.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are not actionable because the employment decision(s) challenged in his Complaint were justified by legitimate, non-discriminatory, non-retaliatory and non-pretextual business reasons.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not actionable because he cannot establish that Defendant's actions were a pretext for age discrimination or for unlawful retaliation for activity protected by Mass. Gen. Laws ch. 151B, the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* (the "ADEA"), and/or Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*

## SIXTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and to correct promptly any harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant has complied with all laws and regulations and otherwise satisfied its statutory obligations toward Plaintiff under Mass. Gen. Laws ch. 151B and the ADEA.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's breach of contract claim is barred by the statute of frauds.

## NINTH AFFIRMATIVE DEFENSE

With respect to all claims founded upon the alleged existence of a contract, the existence of which is hereby denied, there has been a failure of consideration.

## TENTH AFFIRMATIVE DEFENSE

With respect to all claims founded upon the alleged existence of a contract, the existence of which is hereby denied, any such alleged contract is void and unenforceable for lack of mutuality of obligation, mutuality of assent or mutuality of remedy.

## ELEVENTH AFFIRMATIVE DEFENSE

With respect to all claims founded upon the alleged existence of a contract, the existence of which is hereby denied, any such claims are barred because Plaintiff is an at-will employee.

## TWELFTH AFFIRMATIVE DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any purportedly wrongful act of Defendant, Plaintiff has failed to mitigate his damages.

## RESERVATION OF RIGHTS CLAUSE

Defendant reserves its right to amend its answers and to assert any additional affirmative defenses as may become available or apparent during the course of discovery in this case.

Respectfully submitted,

DEFENDANT,
ACCENTURE LLP

By _____
One of Its Attorneys

Lynn A. Kappelman, Esq.
Daniel B. Klein, Esq.
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
(617) 946-4800

Dated: February 20, 2004

## CERTIFICATE OF SERVICE

I, Daniel B. Klein, hereby certify that on this 20th day of February, 2004, a true copy of the foregoing document was served by facsimile and regular U.S. mail, postage prepaid, to Herbert L. Holtz, 25 New Chardon Street, Boston, MA 02114, Counsel for Plaintiff.

_____
Daniel B. Klein